UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

        v.

THE SILVERCREST CENTER FOR
NURSING AND REHABILITATION, a/k/a/
SILVERCREST EXTENDED CARE
FACILITY,

        Defendant.
-------------------------------------------------------x

CV 12 - 4808

CIVIL ACTION NUMBER

COMPLAINT

JURY TRIAL DEMANDED

GERSHON J

## NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, ("ADA"), to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Carolyn Belcon. The Equal Employment Opportunity Commission ("EEOC") alleges that Defendant The Silvercrest Center for Nursing and Rehabilitation ("Silvercrest") terminated Belcon after it refused to 1) accept her request for leave as a reasonable accommodation because it was delivered in the form of a certified letter rather than on Silvercrest's Leave of Absence form, and 2) participate in the interactive process required by the ADA by denying her the opportunity to communicate with her union.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA,

42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Silvercrest has continuously been a corporation doing business in the State of New York and the County of Queens, and has continuously employed at least fifteen employees.

5. At all relevant times, Silvercrest has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000-e(g) and (h).

6. At all relevant times, Silvercrest has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## CONCILIATION

7. Prior to institution of this lawsuit, EEOC's representatives attempted to eliminate

the unlawful employment practices alleged below and to effect voluntary compliance with the ADA through informal methods of conciliation, conference and persuasion as required by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(b) of Title VII, 42 U.S.C. §2000e-5(b). All conditions precedent to this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

8. Since at least January 4, 2011, Silvercrest has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. §12112, as outlined below:

a. Silvercrest hired Belcon as a nursing assistant in November, 2009.

b. In August, 2010, Belcon was in a car accident, in which she injured her back. As a result of the accident and injury, Belcon was unable to lift between August, 2010, and December 1, 2010.

c. Because Belcon was unable to lift, she was unable to work, and required leave as a reasonable accommodation for her disability.

d. Silvercrest requires employees taking medical leave to fill out a Leave of Absence form.

e. In August, 2010, Belcon filled out Silvercrest's Leave of Absence form and was granted leave due to her injury.

f. Belcon returned to work on December 1, 2010.

g. On December 25, 2010, Belcon reinjured her back while working at Silvercrest. She went to the emergency room for treatment. As a result of the re-injury, Belcon was unable to lift between December 25, 2010 and March 1, 2011.

    h.    Because Belcon was unable to lift, she was unable to work, and required leave as a reasonable accommodation for her disability.

    i.    Between December 25, 2010, and January 4, 2011, Belcon attempted to contact Silvercrest's Human Resources department.

    j.    On January 4, 2011, Belcon sent a letter, via certified mail, to Silvercrest, requesting leave as an accommodation for her injury. She enclosed a doctor's note indicating that she would be unable to work until March 1, 2011. Silvercrest received Belcon's January 4, 2011 letter.

    k.    On January 14, 2011, Michelle Novak, Silvercrest's Human Resources manager, sent Belcon a letter. This January 14, 2011 letter did not acknowledge Belcon's January 4, 2011 request, and instead informed Belcon that i) she was on an unauthorized leave of absence and ii) she had to fill out Silvercrest's Leave of Absence form to obtain leave.

    l.    On January 18, 2011, Belcon and Novak spoke via phone. Belcon informed Novak that she wanted to speak with her union in conjunction with filling out the Leave of Absence form.

    m.    On January 24, 2011, Silvercrest sent Belcon a letter terminating her employment on the grounds that she had not turned in the Leave of Absence form. Silvercrest's January 24, 2011 termination letter did not address Belcon's January 18, 2011 request.

    n.    Silvercrest violated the ADA by terminating Belcon after it refused to 1) accept her request for leave as a reasonable accommodation because it was delivered in the form of a certified letter rather than on Silvercrest's Leave of Absence form, and 2) participate in the interactive process required by the ADA by denying her the opportunity to communicate with her union.

9. The effect of the practices complained of above have been to deprive Belcon of equal employment opportunities and otherwise adversely affected her status as an employee because of her disability.

10. The effect of the practices complained of above has been to inflict emotional pain, suffering, and inconvenience upon Belcon.

11. The unlawful employment practices complained of above were intentional.

12. The unlawful employment practices complained of above were done with malice and reckless disregard for Belcon's ADA federally protected rights, in violation of 42 U.S.C. §12101 *et seq*.

## PRAYER FOR RELIEF

Wherefore, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Silvercrest, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability.

B. Order Silvercrest to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and that eradicate the effects of its past and present unlawful employment practices.

C. Order Silvercrest to make whole Belcon by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to frontpay and reinstatement.

D. Order Silvercrest to make whole Belcon by providing compensation for past and

future pecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial.

  E.  Order Silvercrest to make whole Belcon by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self- esteem, and humiliation, in amounts to be determined at trial.

  F.  Order Silvercrest to pay Belcon punitive damages for its malicious and recklessconduct, as described above, in an amount to be determined at trial.

  G.  Grant such further relief as the Court deems necessary and proper in the public

interest.

    H.    Award EEOC its costs of this action.

                          Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
131 M Street, N.W.
Washington, D.C. 20507

*Elizabeth Grossman/RA*
Elizabeth Grossman
Regional Attorney

*Raechel Adams*
Raechel Adams
Supervisory Trial Attorney

*Michael J. O'Brien*
Michael J. O'Brien (MOB-6409)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
tel:    212-336-3694
fax:   212-336-3623
e-mail: michael.obrien@eeoc.gov

7